UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMANDA KAY RENFROE, §
individually, as the widow of §
MICHAEL WAYNE RENFROE, §
deceased; and as the natural §
mother and adult next friend of §
S.W.R., her minor child, who are §
the sole heirs and wrongful death §
beneficiaries of MICHAEL §
WAYNE RENFROE, deceased, §
　　　　　　　　　　　　　　　§
　　　　Plaintiffs, § CASE NO.: 3:18-cv-609-DPJ-FKB
　　　　　　　　　　　　　　　§
vs. § JURY TRIAL DEMANDED
　　　　　　　　　　　　　　　§
ROBERT DENVER PARKER §
and DOES 1-100, §
　　　　　　　　　　　　　　　§
　　　　Defendants. §

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 31 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

## PRELUDE

"Those people count ... everybody matters, or nobody matters."

- Commissioner Marshall Fisher
Mississippi Department of Public Safety

Quoted by Anna Wolfe, 'Stand Up Mississippi"
Clarion Ledger, December 6, 2017

1

## COMPLAINT

NOW COMES AMANDA KAY RENFROE, Plaintiff, individually; as the widow of MICHAEL WAYNE RENFROE, deceased; and as the natural mother and adult next friend of S.W.R., her minor orphaned child, who are the exclusive and sole legal heirs and wrongful death beneficiaries of MICHAEL WAYNE RENFROE, deceased, complaining of Defendant ROBERT DENVER PARKER, individually and in his official capacity as a Deputy Sheriff, and John Does 1-100, who at all relevant times acted under color of law, and for cause would show the Honorable Court as follows:

### I.

### NATURE OF THE ACTION

1. This is an action brought by the Plaintiff against Defendants for use of excessive and deadly force resulting in the unlawful shooting death of Michael Wayne Renfroe under the color of law, and in violation of his individual rights under the Fourth Amendment of the United States Constitution, and in violation of his civil rights pursuant to 42 U.S.C. § 1983. For these civil rights violations and other causes of action noticed and prosecuted in this action, Plaintiff respectfully pleads for answers, a jury trial, and compensation for damages sustained by Plaintiff, S.W.R., and the wrongful, unnecessary death of Michael Renfroe.

II.

PARTIES

2. Amanda Kay Renfroe, Plaintiff, is a person of the full age of majority and a resident of Hinds County, Mississippi. Amanda Renfroe prosecutes this action individually, with standing as the sole surviving widow of Michael Renfroe, and on behalf of her minor child, S.W.R., whose natural father, Michael Renfroe, is deceased.

3. Defendant Robert Denver Parker is an adult resident citizen of Madison County, Mississippi. Defendant Robert Denver Parker may be served at the Madison County Sheriff's Department. Defendant Robert Denver Parker is prosecuted in his individual and official capacities as an employee, agent and servant of the Madison County Sheriff's Department and the Madison County Board of Supervisors.

4. Amanda Kay Renfroe, Plaintiff, is without notice or personal knowledge of the true identities and/or capacities of Defendants named and prosecuted in this action as DOES 1 through 100, inclusive, and therefore initiates this federal prosecution by those fictitious names. Does 1-100 are those individuals, entities, proprietorships, political subdivisions, partnerships, joint ventures, governments, alter egos, joint venture enterprises, independent contractors, limited partners,

corporations, agents, representatives and/or individuals associated with Defendant Robert Denver Parker, and whose identities, actions and omissions are presently unknown to Amanda Kay Renfroe, and/or whose actionable conduct, omissions, solicitations, understandings, agreements and mutually beneficial schemes and conspiracies are presently unknown to Amanda Kay Renfroe. DOES 1 through 100 are personally liable and/or legally responsible in their respective individual, personal and official capacities to Amanda Kay Renfroe for actions, conduct and omissions federally prosecuted in this complaint, and any subsequent amended complaints.

5. Defendants proximately caused and contributed to the injuries and damages suffered by Michael Renfroe because of their control, authority, understandings, agreements, violations of training, public policy and/or any other reckless, intentional actions or omissions, which combined in a fluid series of foreseeable events, and directly, proximately caused Michael Renfroe to be the target of objectively unreasonable, excessive deployments of governmental force under color of law.

6. DOES 1-100 are personally, legally and/or equitably liable for corporate, personal, official job-related conduct, fault, omissions or breach of duties, whether corporately, severally, or jointly, and/or as accessories before, during, or after the

unreasonable use of excessive force of Michael Renfroe, and his consequential and incidental injuries, damages, and wrongful death; or whether the involvement of DOES 1-100 arose from solicitations, or was based upon agency, employment, ownership, partnership, understanding, agreement, conspiracy, beneficial interest, alter ego, joint enterprise, entrustment, custody, care or control, or upon any other intentional, unreasonable acts, or intentional, unreasonable omission.

7. Defendants actions and omissions were intentional, under color of law, and made in the course and scope of their governmental duties, employment, solicitations, agencies, partnerships, relationships, understandings, agreements, beneficial interests, alter egos, joint enterprises, entrustment, custody, authority, and/or control with one or more Defendants described elsewhere in this complaint, recorded action, or any prospective amended complaint.

III.

## JURISDICTION AND VENUE

8. Federal question and civil rights controversies between the parties confer jurisdiction upon the Court under Title 28, United States Code, Section 1331, and Title 28, United States Code, Section 1343(a)(3), as the action is predicated upon redress of deprivation of rights, privileges and immunities guaranteed to Plaintiffs by constitutional and statutory law, *inter alia*, the First, Fourth and Fourteenth

Amendments of the United States Constitution, and Title 42, United States Code, Section 1983.

9. A substantial part of the unlawful, objectively unreasonable policies, acts, omissions and practices which caused damages to Plaintiff and the wrongful death of Michael Renfroe occurred in Madison County, Mississippi, and within the Northern Division of the United States District Court for the Southern District of Mississippi. Title 28, United States Code, Section 1391(b) confers venue.

IV.

FACTS

10. On the evening of Friday, June 8, 2018, Amanda and Michael Renfroe were traveling on Old Natchez Trace Road in Madison County, Mississippi. Michael Renfroe, Amanda's husband, held a 'walking stick' in his left hand, and outside of his 2006 Chevrolet Silverado 2500HD truck. One end of the walking stick contacted the ground and was dislodged from Renfroe's hand. After driving a short distance, Renfroe turned his truck around and returned to the Old Natchez Trace Road where he intended to search for his walking stick. Michael Renfroe began walking in a south/southwest direction from where he parked, Defendant Robert Denver Parker stopped his vehicle approximately[1] 120 feet behind Renfroe's

---

[1] This measurement was made by walking between paint marks made where the vehicles of Renfroe and Defendant Robert Denver Parker were located.

6

truck. A confrontation ensued between Defendant Robert Denver Parker and Michael Renfroe.

11. Upon information and belief[2], Defendant Robert Denver Parker observed from the illumination of his vehicle headlights that Michael Renfroe was unarmed at all relevant times. In fact, Defendant Robert Denver Parker observed that excepting pajama pants, Michael Renfroe was barefooted and unclothed. As Michael Renfroe approached the area where he thought he might discover his walking staff, he also approached the vehicle of Defendant Robert Denver Parker.

12. Michael Renfroe had a documented history of mental illness. On June 8, 2018, Michael Renfroe's mama, Faye Renfroe, called the Madison County Sheriff's Office around 12:00 p.m., pleading for help in safely addressing her son's acute psychosis and mental health condition. Hours later, Faye Renfroe received a return call, and advised Investigator Kim Henderson that Michael was suffering from a mental health condition, and constituted an imminent danger to himself. Prior to and on June 8, 2018, officials with the Madison County Sheriff's Office officials had recent, actual notice of Renfroe's mental health condition. Faye Renfroe pleaded with Madison County Sheriff's Office officials to help her involuntary commit

---

[2] Despite repeated requests, Amanda Renfroe and the surviving family of Michael Renfroe have been denied any opportunity of observing relevant audio and/or video recordings, post-shooting pictures, physical evidence, witness statements, or the autopsy report.

Michael to the State Hospital at Whitfield for a mental health examination, medical stabilization and treatment. Faye Renfroe's pleas for assistance in protecting, stabilizing and medically treating her son for acute psychosis and mental health condition were refused hours before Michael Renfroe was killed by Defendant Robert Denver Parker.

13. Upon information and belief, when Michael Renfroe was approaching the area where he suspected his walking staff was located, he was suffering from untreated, acute psychosis, and/or other untreated mental health symptoms and complications.

14. Upon information and belief, as Michael Renfroe approached the area where he suspected his walking staff was located, Renfroe exhibited 'plain view' behavior consistent with untreated, acute psychosis, and/or other untreated mental health symptoms and complications.

15. Rather than recognizing and reacting with objective reasonableness to a open and obvious exhibitions and symptoms of untreated mental illness, and rather than using a graduated force continuum for self-defense including body strikes from Parker's hands, feet, knees, a long metal flashlight, or expanding metal baton upon anatomical nerve clusters of Renfroe's body, Defendant Robert Denver Parker shot Michael Renfroe with a high voltage 'taser' electrocution weapon.

8

16. Defendant Robert Denver Parker failed to follow deployment of a high voltage 'taser' electrocution of Michael Renfroe with objectively reasonable disengagement, observation, reassessment, verbal commands, or body strikes from Parker's hands, feet and knees to Renfroe's anatomical nerve clusters.

17. Defendant Robert Denver Parker failed to follow deployment of a high voltage 'taser' electrocution of Michael Renfroe with objectively reasonable body strikes from a long metal flashlight filled with pounds of 'D' batteries, or an expanding metal baton.

18. Defendant Robert Denver Parker failed to follow initial deployment of a high voltage 'taser' electrocution of Michael Renfroe with a second high voltage 'taser' deployment by directly contacting weapon electrodes to Renfroe's body.

19. Instead of exercising an objectively reasonable defensive force continuum, Defendant Robert Denver Parker drew his Glock semi-automatic pistol.

20. Instead of exercising an objectively reasonable defensive force continuum, Defendant Robert Denver Parker intentionally aimed the Glock semi-automatic pistol, and pulled the trigger.

21. Instead of following the first deadly gunshot with objectively reasonable disengagement, observation, reassessment, verbal commands, body strikes from Parker's hands, feet, and knees to Renfroe's anatomical nerve clusters; or using

body strikes from a long metal flashlight filled with several pounds of 'D' batteries, or an expanding metal baton; or deploying the high voltage taser a second time with direct contact from weapon electrodes to Renfroe's body; or exercising an objectively reasonable defensive force continuum, Defendant Robert Denver Parker shot Michael Renfroe with his semi-automatic pistol a second time.

22. Before and when Defendant Robert Denver Parker shot Michael Renfroe the second time, no imminent threat to Defendant Robert Denver Parker's safety or public safety justified the objectively reasonable use of deadly force.

23. Instead of following the second deadly gunshot with objectively reasonable disengagement, observation, reassessment, verbal commands, body strikes from Parker's hands, feet, and knees to Renfroe's anatomical nerve clusters; or using body strikes from a long metal flashlight filled with several pounds of 'D' batteries, or an expanding metal baton; or deploying the high voltage taser a second time with direct contact from weapon electrodes to Renfroe's body; or exercising an objectively reasonable defensive force continuum, Defendant Robert Denver Parker shot Michael Renfroe with his semi-automatic pistol a third time.

24. Before and when Defendant Robert Denver Parker shot Michael Renfroe the third time, no imminent threat to Defendant Robert Denver Parker's safety or public safety justified the objectively reasonable use of deadly force. Amanda

10

Renfroe instinctively rushed to her husband's aid, hoping that she may save his life, comfort him, communicate her last words, or simply embrace him with love in the face of rapidly approaching, governmentally induced death.

25. Instead, someone drug Amanda away from her dying husband. The unidentified individual threw Amanda Renfroe to the ground, and arrested her. As a result of Defendants' actions and inactions, Amanda Renfroe suffered multiple injuries, including severe emotional distress, from witnessing the objectively unreasonable, excessive use of force under color of law which was inflicted upon her husband, Michael Renfroe, and which caused his unnecessary death.

26. Defendant Robert Denver Parker accused Amanda Renfroe of a criminal offense when no probable cause existed for his frivolous, retaliatory accusations against Amanda Renfroe at the scene of Michael Renfroe's unnecessary shooting, and death. Defendant Robert Denver Parker endorsed, ratified and acted in concert with other Defendants and/or co-conspirators in fabricating false criminal accusations against Amanda Renfroe for the express purpose of arresting her and detaining her in jail without lawful justification or probable cause.

27. Defendants fabricated one or more false accusations against Amanda Renfroe one or more overt acts in furtherance of a conspiracy to intimidate her and protect Defendant Robert Denver Parker from adverse consequences or federal

litigation arising from the abusive violence and objectively unreasonable, excessive force which unnecessarily killed Michael Renfroe and caused significant damages to Amanda Renfroe and S.W.R., her minor orphaned child.

28. On Saturday, June 9, 2018, after being arrested and held by MCSO without lawful justification, probable cause or bail in the Madison County Jail, Amanda Renfroe was released from the Madison County Jail without any explanation of Defendant Robert Denver Parker's false accusations against her. In early July, 2018, Faye Renfroe inquired about whether the government would prosecute Amanda Renfroe for any criminal accusations related to the facts of this complaint. With actual authority to bind the government of the State of Mississippi, a supervisory official employed by the Madison County Sheriff's Office admitted that the decision had been made that Amanda Renfroe would not be criminally prosecuted for any alleged accusations related to the facts of this action. With actual authority to bind the government of the State of Mississippi, a supervisory official employed by the Madison County Sheriff's Office agreed with Faye Renfroe to prospectively honor that decision.

29. As a result of injuries inflicted by the Defendants on Michael Renfroe, deceased, Amanda Renfroe and her minor orphaned child, S.W.R., continue to suffer debilitating physical and psychological pain and suffering and severe emotional distress. Plaintiffs' injuries and pain are permanent.

30. Amanda Renfroe retained counsel to represent her on any fabricated charges which may be brought against her by the Defendants in retaliation for exercising her constitutional rights in prosecuting this civil action under the First, Fourth and Fourteenth Amendments to the United States Constitution.

31. The Defendants were acting under color of law and with reckless disregard to the federally protected immunities, rights and privileges of Michael Renfroe and Amanda Renfroe at all times relevant to this civil action.

32. Michael Renfroe posed no threat of imminent death or great bodily harm to Defendant Robert Denver Parker or any other person in the immediate area while attempting to search for his walking staff. There is no evidence, credible or otherwise, that Defendant Robert Denver Parker reasonably feared for his life when he killed Michael Renfroe by unnecessarily shooting him three times.

33. At the time Defendant Robert Denver Parker drew his pistol, there had been no previous interaction between Michael Renfroe and Defendant Robert Denver Parker. At no time did any facts justify Defendant Robert Denver Parker's use of deadly force against Michael Renfroe. Brandishing a deadly weapon inherently assumes that the use of force will cause death or serious bodily injury to the prospective target of deadly force, and is to be exercised and applied under very narrowly defined circumstances.

34. Defendant Robert Denver Parker's unlawful and unwarranted acts caused the wrongful death of Michael Renfroe and the injuries suffered by Michael Renfroe, Amanda Kay Renfroe, and S.W.R., the minor child of Michael and Amanda Kay Renfroe.

35. At all relevant and material times Defendant Robert Denver Parker was acting under the color of law when he repeatedly shot and killed Michael Renfroe.

36. Any reasonably competent policeman would have had actual notice and personal knowledge that the actions of Defendant Robert Denver Parker described herein were objectively unreasonable dispensations of deadly force in violation of the constitutional rights of Mike Renfroe. No reasonably prudent policeman under similar circumstances could have believed that Defendant Robert Denver Parker's conduct was objectively reasonable, or lawfully justified self-defense. No reasonably prudent policeman under similar circumstances could have believed that Defendant Robert Denver Parker's treatment of Mike Renfroe and Amanda Kay Renfroe was lawful or objectively reasonable.

37. Defendant Robert Denver Parker was never in danger of imminent death or great bodily harm immediately before or during his multiple deployments of objectively unreasonable, excessive deadly force against Michael Renfroe. Nothing proves that the use of excessive and/or deadly force was justified by Defendant Robert Denver Parker. Michael Renfroe posed no risk to Defendant Robert Denver

Parker or any other person in the immediate area. Michael Renfroe did not attempt to harm Defendant Robert Denver Parker. Michael Renfroe had not committed any crime. When Defendant Robert Denver Parker shot Michael Renfroe, and at all relevant times, Michael Renfroe was not an imminent 'threat' to Defendant Robert Denver Parker's life.

38. Defendant Robert Denver Parker's unlawful and unwarranted caused Plaintiff's injuries. As a direct and proximate result of the Defendants' conduct, Plaintiff has sustained substantial damages and pecuniary loss.

## Count I

(Fourth Amendment Excessive Force)

39. Defendant Robert Denver Parker is liable to Plaintiff for violating the Fourth Amendment right of Michael Renfroe to be free from unreasonable seizure of his person through the use of objectively unreasonable and excessive force.

40. As a direct and proximate result of the Defendant's violation of Plaintiff's Fourth Amendment rights, Plaintiff suffered and continues to suffer economic, physical and emotional injury.

V.

PRAYER FOR RELIEF

41. Amanda Kay Renfroe, Plaintiff, individually; as the widow of Michael Wayne Renfroe, deceased; and as the natural mother and adult next friend of S.W.R., her minor orphaned child, pray for actual damages for economic harm in an amount to be determined by a jury; actual damages for past, present and future medical expenses; compensatory damages for past, present and future physical pain and suffering, emotional distress, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, and loss of enjoyment of life which Plaintiffs have suffered or will suffer in the future; actual and compensatory damages for the wrongful death of Michael Wayne Renfroe; punitive damages; reasonable attorney's fees; and reasonably necessary costs, fees and expenses related to Defendants' wrongful actions and omissions, and the prosecution of this action.

Respectfully submitted, this, the 31st day of August, 2018.

/s/ Dow Yoder
Mississippi Bar # 99719

Counsel of Record for Amanda Kay Renfroe, Plaintiff, individually; as the widow of Michael Wayne Renfroe, deceased; and as the natural mother and adult next friend of S.W.R., her minor orphaned child:

Post Office Box 1682 / Ridgeland, Mississippi 39158
443B Northpark Drive / Ridgeland, Mississippi 39157
601-850-8488 / dow@dowyoder.com

16