**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**AMANDA KAY RENFROE, individually, as the widow of
MICHAEL WAYNE RENFROE, deceased; and as the natural
mother and adult next friend of S.W.R., her minor child, who are
the sole heirs and wrongful death beneficiaries of MICHAEL
WAYNE RENFROE, deceased**                       **PLAINTIFFS**

**VS.**                                         **CASE NO.: 3:18-cv-609-DPJ-FKB**

**ROBERT DENVER PARKER
and DOES 1-100**                                                            **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
DEPUTY ROBERT DENVER PARKER**

COMES NOW the defendant, Deputy Robert Denver Parker, in his individual and official capacities, and files his Answer and Affirmative Defenses to the Complaint filed against him by the plaintiffs in this action.

**FIRST DEFENSE**

The defendant asserts all defenses available to him as set forth in *FRCP* 12(b) (1) through 12(b) (7), along with those found in *FRCP* 8(c).

**SECOND DEFENSE**

Certain purported claims in the Complaint may barred by applicable statutes of limitations.

**THIRD DEFENSE**

The defendant, at all times complained of in the Complaint, acted in good faith, acted without malice, acted without reckless disregard, and acted without any intent to cause anyone

harm. As a result, he is immune from any liability to the plaintiffs in his individual capacity under existing federal law.

## FOURTH DEFENSE

The defendant, at all times complained of in the Complaint, did not commit any act that violated a clearly established constitutional right held by anyone of which a reasonable person would have known.  As a result, he is immune from any liability to the plaintiffs in his individual capacity under existing federal law.

## FIFTH DEFENSE

The defendant, enjoys qualified immunity against any individual claims the plaintiffs make against him in the Complaint.

## SIXTH DEFENSE

The defendant is entitled to the protection of sovereign immunity from lawsuit and liability pursuant to *Miss. Code Ann*. § 11-46-1 *et seq.*, the provisions of which bar the instant claims.  Additionally, the defendant asserts all substantive and procedural defenses available to him pursuant to *Miss. Code Ann.* §§ 11-46-1 *et seq*., including those found in §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17.  To the extent that the plaintiffs' Complaint may seek a jury trial on any state law claim against the defendant, the defendant moves to strike any such demand.

## SEVENTH DEFENSE

Without limiting any causes of action filed by the plaintiffs that may be subject to dismissal by this Court pursuant to *FRCP* 12(b) (6), the defendant states that all claims by the plaintiffs that he violated any constitutional right under any Amendment to the United States

Constitution, including the Fourth or Fourteenth Amendments, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

## EIGHTH DEFENSE

The defendant invokes all remedies and defenses available to him pursuant to the Tort Reform Acts of 2003 and 2004, including, but not limited to, *Miss. Code Ann.* §§ 11-1-60, 11-1-65, 11-1-69, and 85-5-7.

## NINTH DEFENSE

Without waiving the foregoing, the defendant asserts that if any injuries or damages alleged in the plaintiffs' Complaint were incurred by the plaintiffs or the plaintiffs' deceased, which he denies, such injuries or damages were caused solely by or contributed to by the acts or omissions of the plaintiffs' deceased or by others for whose acts the defendant has no liability, vicarious or otherwise.

## TENTH DEFENSE

The defendant invokes all provisions of *Miss. Code Ann.* § 85-5-7, and asserts all defenses, rights privileges, and immunities that he can assert under that Section.

## ELEVENTH DEFENSE

Any alleged injuries, constitutional or otherwise, the plaintiffs are claiming that they suffered, which defendant specifically denies, were caused solely by the acts or omissions of another or others for whose conduct the defendant is not responsible and for whose conduct the defendant had no reason to foresee or anticipated.

**TWELFTH DEFENSE**

The plaintiffs' claims are barred by the doctrines of estoppel, laches, collateral estoppel and/or res judicata and all other equitable defenses under *Fed. R. Civ. P.* 8(c).

**THIRTEENTH DEFENSE**

Acts or omissions of other persons and/or entities who are not parties to this cause may have been a superseding or intervening cause of any injuries or damages claimed by the plaintiffs in this action.

**FOURTEENTH DEFENSE**

Although denying that the plaintiffs are entitled to an award of punitive damages or any such extra-contractual relief whatsoever in this matter against the defendant under state or federal law, the defendant affirmatively states as follows:

1. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and §14 of the Mississippi Constitution;

2. No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked;

3. An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of §14 of the Mississippi Constitution;

4. The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in

violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of § 28 of the Mississippi Constitution.

## FIFTEENTH DEFENSE

The Complaint, and each and every claim for damages contained therein, is barred, in whole or in part, to the extent that damages, if any, resulted from the acts and/or omissions of the plaintiffs' deceased.

## SIXTEENTH DEFENSE

At all times complained of in the Complaint, the defendant acted in self-defense.

## SEVENTEENTH DEFENSE

The defendant contends that the plaintiffs' deceased willingly, voluntarily, and knowingly assumed each and every risk and hazard involved in his activities as described in the Complaint.

## RESERVATION OF DEFENSES

The defendant is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter.  However, contingent on the facts reveled by investigation and discovery, the defendant expressly reserves his right to raise any additional defenses and affirmative defenses which may be applicable.

And now having set forth his affirmative defenses, the defendant answers the plaintiffs' Complaint paragraph by paragraph as follows:

## ANSWER

The defendant denies the beginning and untitled first paragraph of the plaintiffs' Complaint.

### I.

### NATURE OF THE ACTION

1. The defendant denies the allegations in paragraph 1.

### II.

### PARTIES

2. The defendant lacks sufficient knowledge or information to respond to the allegations in paragraph 2, and, therefore, he denies those allegations.

3. Other than admitting that he is an adult resident citizen of Madison County, Mississippi, and that he is an employee of the Madison County Sheriff's Department, the defendant denies each and every remaining allegation in paragraph 3.

4. The defendant denies the allegations in paragraph 4.

5. The defendant denies the allegations in paragraph 5.

6. The defendant denies the allegations in paragraph 6.

7. The defendant denies the allegations in paragraph 7.

### III.

### JURISDICTION AND VENUE

8. The defendant denies the allegations in paragraph 8.

9. The defendant denies the allegations in paragraph 9.

## IV.

## FACTS

10. Other than admitting that the defendant encountered the deceased and Amanda Renfroe on Old Natchez Trace Road in Madison County during the evening of June 8, 2018, the defendant denies each and every remaining allegation in paragraph 10.

11. The defendant denies the allegations in paragraph 11.

12. Other than admitting that on June 8, 2018, Faye Renfroe spoke with an investigator with the Madison County Sheriff's Department about her concerns with the current mental health of her son, Michael, and that the investigator instructed Faye Renfroe on how she could begin commitment proceedings in Hinds County, Mississippi, the county of Michael Renfroe's residence, the defendant denies each and every remaining allegation in paragraph 12.

13. The defendant denies the allegations in paragraph 13.

14. The defendant denies the allegations in paragraph 14.

15. The defendant denies the allegations in paragraph 15.

16. The defendant denies the allegations in paragraph 16.

17. The defendant denies the allegations in paragraph 17.

18. The defendant denies the allegations in paragraph 18.

19. The defendant denies the allegations in paragraph 19.

20. The defendant denies the allegations in paragraph 20.

21. The defendant denies the allegations in paragraph 21.

22. The defendant denies the allegations in paragraph 22.

23. The defendant denies the allegations in paragraph 23.

24. Other than admitting that Amanda Renfroe ran towards the body of the deceased after he had been shot, the defendant denies each and every remaining allegation in paragraph 24.

25. The defendant denies the allegations in paragraph 25.

26. The defendant denies the allegations in paragraph 26.

27. The defendant denies the allegations in paragraph 27.

28. Other than admitting that Amanda Renfroe was released from the Madison County Detention Center on June 9, 2018, the defendant denies each and every remaining allegation in paragraph 28.

29. The defendant denies the allegations in paragraph 29.

30. The defendant denies the allegations in paragraph 30.

31. The defendant denies the allegations in paragraph 31.

32. The defendant denies the allegations in paragraph 32.

33. The defendant denies the allegations in paragraph 33.

34. The defendant denies the allegations in paragraph 34.

35. The defendant denies the allegations in paragraph 35.

36. The defendant denies the allegations in paragraph 36.

37. The defendant denies the allegations in paragraph 37.

38. The defendant denies the allegations in paragraph 38.

### Count I

### (Fourth Amendment Excessive Force)

39. The defendant denies the allegations in paragraph 39.

40. The defendant denies the allegations in paragraph 40.

### V.

### PRAYER FOR RELIEF

41. The defendant denies the allegations in paragraph 41, including that he is liable to plaintiffs for any damages whatsoever, attorney's fees, costs or expenses. The defendant moves to dismiss the plaintiffs' complaint with prejudice.

This the 21st day of September, 2018.

        Respectfully submitted,

        **DEPUTY ROBERT DENVER PARKER**
        **In his Individual and Official Capacities**

        By: */s/ Rebecca B. Cowan*
            Rebecca B. Cowan (MSB #7735)

OF COUNSEL:

Currie Johnson & Myers, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS   39205-0750
Telephone: (601) 969-1010
Facsimile: (601) 969-5120
bcowan@curriejohnson.com

## **CERTIFICATE OF SERVICE**

I, Rebecca B. Cowan, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to:

Dow Yoder, Esq.
Post Office Box 1682
Ridgeland, MS 39158

This the 21st day of September, 2018.

                 */s/ Rebecca B. Cowan*
                 Rebecca B. Cowan